UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RICHARD JOHNSON,<br>Plaintiff | CIVIL DOCKET NO. 1:20-CV-187-P |
| VERSUS | JUDGE DRELL |
| LOUISIANA DEPT. OF PUBLIC<br>SAFETY AND CORRECTIONS,<br>*ET AL.*,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by *pro se* Plaintiff Richard Johnson ("Johnson"). ECF No. 1. Johnson is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Johnson complains that Defendants failed to protect him from an assault by another inmate.

Because Johnson fails to allege deliberate indifference by Defendants, his Complaint (ECF No. 1) should be DENIED and DISMISSED.

I. **Background**

Johnson alleges that he requested to be moved to another tier at 6:30 a.m., and Major Rachal said he would move Johnson at 8:00 a.m., following the morning count. However, at 7:05 a.m., another inmate allegedly cut Johnson's "ear off." ECF No. 1 at 3.

According to the response to Johnson's administrative grievance, the inmate cut Johnson's left earlobe, requiring stitches. ECF No. 1 at 6. The response also

indicates that Johnson told Sergeant Washington and Major Rachel that he and the other offender were "'alright' with each other" prior to the altercation. *Id.* Finally, the response indicates that Johnson received a disciplinary charge following the altercation, to which Johnson pleaded guilty. *See id.* Johnson maintains that he lost no good conduct time as a result of the conviction. ECF No. 10.

## II. Law and Analysis

### A. Johnson's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Johnson is a prisoner who has been allowed to proceed *in forma pauperis*. ECF No. 8. As a prisoner seeking redress from an officer or employee of a governmental entity, Johnson's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); *Rosborough v. Mgmt. and Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Because he is proceeding *in forma pauperis*, Johnson's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to

2

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

B. <u>Johnson does not state a viable failure to protect claim.</u>

Prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). Prison officials are not, however, expected to prevent all inmate-on-inmate violence. *Id.* at 834. Prison officials can be held liable for their failure to protect an inmate only when they are deliberately indifferent to a substantial risk of serious harm. *See id.* A prison official is deliberately indifferent if he knows of an "excessive risk to inmate health or safety" and disregards that risk. *Id.* at 837. "Deliberate indifference is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted).

Johnson alleges that he requested to be moved to another tier at 6:30 a.m., and Major Rachal said he would move Johnson at 8:00 a.m., following the morning count. ECF No. 1 at 3. Additionally, Sgt. Washington spoke with the two inmates, and the other inmate assured Sgt. Washington that he and Johnson were "ok." ECF No. 1-2 at 4. Johnson does not allege that he disputed the inmate's representation to Sgt. Washigton.

Johnson does not allege that Defendants acted recklessly or ignored Johnson's request or the risk to his safety. Apparently, and unfortunately, the offender attacked Johnson before Johnson could be moved to a different tier. Johnson's allegations do not amount to deliberate indifference. *See e.g., Davis v. Tucker*, 322 F. App'x 369,

3

371 (5th Cir. 2009) (officer seeking to obtain corroboration before taking action to protect inmate was a reasonable response to a potential risk).

Even if either Defendant acted negligently, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur Cty., TX.*, 245 F.3d 447, 459 (5th Cir. 2001). Johnson's allegations would fall well short of this threshold in any court.

### III. Conclusion

Because Johnson fails to allege deliberate indifference by Defendants, his Complaint (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE under §§ 1915(e)(2) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party

from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 26th day of June 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE